UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MC-61373-AOV

IN THE MATTER OF EXTRADITION
OF KEVIN YUNGMAN
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Kevin Yungman's ("Yungman") Motion for Reconsideration of Detention Order (the "Motion") (ECF No. 23). After due consideration of the Motion, the Government's Response (ECF No. 26), Yungman's Notice of Filing Exhibit in Support of the Motion (ECF No. 27), Yungman's Reply (ECF No. 29), and the Government's Sur-Reply (ECF No. 34), and being otherwise fully advised on the matter, the Motion is **DENIED**.

## I.    BACKGROUND

On July 30, 2024, the Government filed a Complaint seeking the extradition of Yungman to Ireland. (ECF No. 1). Thereafter, the Government moved to detain Yungman on the grounds that: (i) he poses a serious risk of flight and a danger to the community; and (ii) there are no "special circumstances" to warrant his release on bond. (ECF No. 5 at 13-19). In turn, Yungman filed a motion for release on bond pending the extradition hearing. *See generally* (ECF No. 12). On August 16, 2024, the undersigned held a hearing pursuant to 18 U.S.C. §§ 3181 *et seq.* to determine whether Yungman should be detained pending his extradition hearing. *See* (ECF No. 14). At the conclusion of the detention hearing, the Court orally ruled that that Yungman be detained and subsequently issued a written detention order. *See generally* (ECF No. 15) (Detention Order). More specifically, the Court found that although Yungman was not a serious risk of flight, Yungman nonetheless failed to establish "special circumstances" that would warrant his release

on bond.[1]  *Id.* at 5.  Thus, the undersigned ordered Yungman be detained prior to his extradition hearing.  *Id.* at 7.

The instant Motion followed.  (ECF No. 23).  In the Motion, Yungman recounts the facts underlying the extradition Complaint, challenges the credibility of the alleged victim's statements, disputes the probable cause underlying the Complaint, and urges the Court to reconsider its conclusion that no "special circumstances" exist warranting his release on bond.  *Id.* at 2-5, 8-18.  In opposing the Motion, the Government asserts that Yungman has not met the standard for reconsideration and his Motion should therefore be denied.  *See generally* (ECF No. 26).

## II.   LEGAL STANDARDS

### A.  Bond in Extradition Proceedings

As this Court has previously stated, international extradition proceedings and the determination of whether to release an extraditee on bail is *sui generis*, neither civil nor criminal in nature.  (ECF No. 15 at 2) (citing *In re Matter of Extradition of Bell,* No. 21-MC-80533, 2021 WL 1616127, at *2 (S.D. Fla. Apr. 26, 2021)).  Rather, extradition proceedings are controlled by the extradition statutes (18 U.S.C. §§ 3181 *et seq.*) and the governing treaty between the United States and the requesting country, in this case Ireland.  Accordingly, neither the Rules of Civil Procedure nor the Rules of Criminal Procedure apply in extradition proceedings.  *In re Extradition of Bell,* 2021 WL 1616127, at *2.  Furthermore, the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, does not apply because an extradition proceeding is not a criminal case.  *Id.*; *see also Martin v. Warden*, 993 F.2d 824, 829 (11th Cir. 1993).

---

[1] The Court noted that "[a]lthough the nature of the underlying charge . . . might support a finding of dangerousness, the undersigned need not decide the issue of dangerousness as [Yungman] has failed to meet his burden of showing special circumstances that would warrant his release on bond."  (ECF No. 15 at 5).

Most relevant to the Motion, the extradition statutes, 18 U.S.C. §§ 3181 *et seq.*, do not provide for bail. *See In re Matter of Extradition of Shaw*, No. 14-MC-81475, 2015 WL 521183, at *5 (S.D. Fla. Feb. 6, 2015). Moreover, unlike in domestic criminal cases, there is a presumption against bond in extradition proceedings, reflecting the value placed on the United States fulfilling its treaty obligations to the requesting country. *Id.*; *see Wright v. Henkel*, 190 U.S. 40, 62-63 (1903); *Martin*, 993 F.2d at 827; *In re Matter of Extradition of Martinelli Berrocal*, 263 F. Supp. 3d 1280, 1306 (S.D. Fla. 2017); *In re Matter of Extradition of Pelletier*, No. 09-MC-22416, 2009 WL 3837660, at *3 (S.D. Fla. Nov. 16, 2009). Rather, case law provides that bail in extradition proceedings should be granted where there are "special circumstances," described as "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." *United States v. Leitner*, 784 F.2d 159, 160 (2d Cir. 1986) (quoting *In re Mitchell*, 171 F. 289, 289 (S.D.N.Y. 1909)). Thus, "special circumstances" will only be found where justification for release is clear. *In re Extradition of Bell*, 2021 WL 1616127, at * 4 (citing *In re Extradition of Shaw*, 2015 WL 521183, at *4-6).

Furthermore, unlike in a domestic criminal case where the Government bears the burden of establishing that the accused is a risk of flight and/or a danger to the community, the burden is on the extraditee to establish that he is: (i) not a flight risk or danger to community; and also (ii) that "special circumstances" exist that would warrant the very unusual grant of bond in an extradition proceeding. *In re Extradition of Bell*, 2021 WL 1616127, at * 3. Some courts have required that this showing be established by clear and convincing evidence, while others require a preponderance of the evidence. *Id.* (collecting cases applying each standard); *In re Matter of Extradition of Garcia*, 761 F. Supp. 2d 468, 474-75 (S.D. Tex 2010) (same). The extraditee must establish both prongs. Simply showing that he is not a risk of flight or a danger to the community

3

is not enough. Rather, the extraditee must also show that "special circumstances" exist that merit the "extraordinary" step of granting release on bond. *In re Extradition of Bell*, 2021 WL 1616127, at * 4. Such special circumstances are "limited to the most extraordinary circumstances and cannot involve factors applicable to all potential extraditees." *Id.* at *3. Thus, although not impossible, release on bond in the extradition context is unusual and extraordinary. *See In re Extradition of Shaw*, 2015 WL 521183, at *6.

### B. Motions for Reconsideration

In the domestic criminal setting, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Carrera*, No. 14-CR-20286, 2014 WL 3908204, at *2 (S.D. Fla. Aug. 11, 2014) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8. 2002)). Indeed, the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *United States v. Edler*, No. 13-CR-60168, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (citation and quotation marks omitted).

Moreover, although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit have permitted the filing of such motions in criminal cases. *See United States v. Simmons*, No. 8:24-CR-200-WFJ, 2024 WL 3183859, at * 1 (M.D. Fla. June 26, 2024) (quoting *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011)). Thus, in deciding motions for reconsideration in criminal cases, courts in this District have generally relied on the standard applicable to motions for reconsideration in civil cases. *See, e.g.*, *United States v. Sabooni,* No. 09-CR-20298, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th

4

Cir. 2011)) (noting that the same standard of review applies to both criminal and civil motions to reconsider).

In the civil arena, motions for reconsideration are governed by Federal Rule of Civil Procedure 54(b) (applicable to interlocutory orders and decisions) and Federal Rules of Civil Procedure 59 and 60 (applicable to final orders and judgments). More specifically, Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see In Matter of Extradition of Liuksila*, 133 F. Supp. 3d 249, 255-56 (D.D.C. 2016)). Rule 60(b), for its part, lists various circumstances a court may consider to relieve a party from a final judgment, order, or proceeding. These circumstances include but are not limited to: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or misconduct by an opposing party; or (iv) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *see also* Fed. R. Civ. P. 59(e) (requiring that a motion to alter or amend a judgment be filed within 28 days of entry of the judgment).

Although Rule 54(b) does not identify factors that a court should evaluate in deciding a motion to reconsider, the Eleventh Circuit has stated that the factors set forth in Rule 60(b) should apply to motions for reconsideration brought under Rule 54. *See Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 927 n.1 (11th Cir. 2013) ("Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, we have at least indicated that Rule 54(b) takes after Rule 60(b)."); *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir.1990) (reviewing a district court's grant of a motion to reconsider a denial

5

of summary judgment as if it were a Rule 60(b) motion); *Horowitz v. Allied Marine, Inc.*, No. 21-CV-60358, 2023 WL 3568113, at *4 (S.D. Fla. May 19, 2023) (analyzing a motion to reconsider under Rule 54(b) using same standard as a Rule 60(b) motion); *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (same).

Thus, regardless of whether reconsideration is sought in the civil or criminal context, or from an interlocutory or final order, courts have generally found three major grounds that would justify reconsideration: (i) an intervening change in the controlling law; (ii) the availability of new evidence; and (iii) the need to correct clear error or prevent manifest injustice. *See, e.g.*, *Benestad v. Johnson & Johnson*, No. 20-CV-60496, 2022 WL 5239598, at *1 (S.D. Fla. Oct. 4, 2022); *Sabooni*, 2014 WL 4385446, at *1; *Carrera*, 2014 WL 3908204, at *2; *Burger King Corp.*, 181 F. Supp. 2d at 1369; *Edler*, 2013 WL 4543695, at *1. In addition, motions for reconsideration cannot be used to "simply rehash previously litigated issues." *United States v. Russo*, No. 11-MJ-6337, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011); *see Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation and quotation marks omitted) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

### III.  DISCUSSION

In his Reply brief, Yungman argues—for the first time—that the undersigned should use the "less stringent" standard of Rule 54(b) (for interlocutory orders) in determining his motion for reconsideration of the Detention Order. (ECF No. 29 at 2-4) (citing *In Re Matter of Extradition of Liuksila*, 133 F. Supp. 3d at 255-56) (using Rule 54(b) standard in denying extraditee's motion for reconsideration of an order denying extraditee's motion to dismiss the extradition request). In its Sur-Reply, the Government asserts that because the standard for reconsideration under either Rule

6

54(b) or Rule 60 is the same, the undersigned's analysis will be unchanged and the Motion should therefore be denied. (ECF No. 34 at 3). For the reasons discussed below, the undersigned agrees.

While Rule 54(b) does not specify what considerations a court should weigh in deciding a motion to reconsider, the Eleventh Circuit has indicated that the circumstances set forth in Rule 60(b) should apply to both. *See Herman*, 508 F. App'x at 927 n.1; *Fernandez*, 906 F.2d at 569; *Horowitz*, 2023 WL 3568113, at *4; *Berisha*, 461 F. Supp. 3d 1257 at 1259. Here, Yungman has not established that reconsideration would be appropriate under Rule 60. Indeed, Yungman has not shown: (i) a change in the law; (ii) the existence of new evidence; or (iii) any clear error or manifest injustice. *See In re Extradition of Shaw*, No. 14-MC-81475 (S.D. Fla. May 28, 2015) (ECF No. 105) (denying motion for reconsideration of detention order in extradition case relying on factors in Rule 60(b)). Instead, the Motion repeats the issues and arguments previously raised at the detention hearing, which the undersigned already considered and rejected. *See Russo*, 2011 WL 3044844, at *1 (noting motions for reconsideration "should not simply rehash previously litigated issues, but instead, should raise new issues or identify a change in the factual or legal underpinnings upon which the original decision was based"); *Wilchombe*, 555 F.3d at 957 (same). For example, the Motion repeats Yungman's arguments at the detention hearing that the delay in bringing charges, Yungman's good character, lack of criminal history, substantial family and community ties, and the lack of evidence and weak probable cause (based solely on the victim's equivocal statements), all combine to reach the level of "special circumstances" warranting his release on bond. (ECF No. 23 at 8-19). But the undersigned has already considered and rejected those arguments, singly and in combination. (ECF No. 15 at 6-7). As the undersigned wrote in the Detention Order:

> In his Motion for Bond and at the hearing, Yungman pointed to several circumstances that he argued, either singularly or in combination, rose to the type

> of special circumstance that would warrant his release on bond pending the extradition hearing. *See* (ECF No. 12 at 8-14). More specifically, Yungman argued that: (i) he has been living openly, not hiding or fleeing from authorities; (ii) he is of good character; (iii) he is involved in charitable work; (iv) he has strong family and community ties; (v) he is a professional, having worked as a paramedic and currently seeking certification as a physician's assistant; (vi) the offense of rape may be a bailable offense in Ireland; (vii) there is a lack of diplomatic necessity due to the delay in prosecution; (viii) his presence could be ensured by an order of home detention with electronic monitoring; (ix) he is likely to prevail on the merits of the underlying criminal action in Ireland; and (x) there is no probable cause (i.e., insufficient evidence) as to the underlying charge and, therefore, he is not extraditable. *See id.* The undersigned joins the multitude of other courts that have addressed and rejected these arguments, both singularly and in the aggregate, as sufficient to establish the rare "special circumstances" warranting bond in an extradition setting. As to the sufficiency of the evidence underlying the charges in the extradition package, that is a determination the undersigned must make at the extradition hearing, not at the bond hearing.

*Id.* (footnote omitted).

Lastly, the undersigned has reviewed the cases Yungman cites in support of the Motion and finds them unpersuasive and/or distinguishable when applied to the facts of this case. For example, Yungman argues that the undersigned committed "clear error" in not considering "the lack of reliable evidence to support probable cause" as a "special circumstance" warranting bond. (ECF Nos. 23 at 14, 29 at 5). But Yungman's cited authority, coupled with this Court's abundant precedent, caution against the undersigned making probable cause determinations or credibility findings at this stage of the proceedings. *See In re Matter of Extradition of Rangel Prentt,* No. 24-CV-80209, 2024 WL 2219823, at *18 (S.D. Fla. May 7, 2024) (citations and quotations omitted) (noting that arguments pertaining to substantial likelihood of success (i.e., probable cause) are to be determined at the extradition hearing, as these arguments challenge the sufficiency of the evidence). Similarly, the cases cited by Yungman to support his argument that the Irish authorities' delay in seeking his extradition constitutes "special circumstances" are out-of-district, factually distinguishable, and unpersuasive. *See, e.g., In re Matter of Extradition of Chapman,* 459 F. Supp.

2d 1024, 1027 (D. Haw. 2006) (finding that more than three-year delay in extradition request (coupled with no risk of flight) reflects a "lack of any diplomatic necessity"); *United States v. Bowman*, No. 19-MJ-05089, 2020 WL 835342, at *6-7 (S.D. Cal. Feb. 20, 2020) (finding that 7-year delay in prosecution (after the crime was first reported) was "atypical," constituting a "special circumstance" because requesting state did not make the prosecution a priority). The undersigned, however, disagrees with *Chapman* that a three-year delay is, without more, sufficient to establish "special circumstances." *See In re Extradition of Rangel*, 2024 WL 2220444, at *16, 17 (describing *Chapman's* conclusion that the three-year delay constitutes a "special circumstance" as an "anomaly" when compared to other cases discussing delay as a "special circumstance" warranting bond). In addition, unlike in *Bowman*, the three-year delay (between the victim's June 2018 police report and Ireland's July 2021 formal request to extradite Yungman) is not "atypical" considering the complexity and formalities of extradition applications.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Yungman's Motion (ECF No. 23) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on October 25, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record